UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 12-60151-CIV-ZLOCH

ROBERT F. DARENBERG,

    Plaintiff,

v.

HEADHUNTER, INC., a
Florida corporation,

    Defendant.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPORTING UNDISPUTED FACTS AND PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiff, ROBERT F. DARENBERG, by and through his undersigned attorney hereby offers his Response to Defendant's Supporting Undisputed Facts which were incorporated into its Motion for Summary Judgment together with Plaintiff's Statement of Undisputed Facts, and says:

1. Plaintiff notes at the outset that Defendant fails to abide by Local Rule 56(a) in several respects. First, Defendant has embedded the facts into the Summary Judgment motion rather than filing a separate pleading. Second, the section is incorrectly titled as "Supporting Undisputed Facts" when the document should be called Statement of Material Facts. Third this distinction is particularly relevant in this matter because as will be noted below, many of the so-called

1

"facts" included by Defendant are not material to the issues at hand in any form whatsoever and therefore should not be included in support of a motion for Summary Judgment.

2. The facts related by Defendant in paragraphs numbered 5, 6, 7, and 8 are irrelevant to any issue in this case. These facts are denied to the extent that Mellinger had no personal knowledge of anything that transpired between Kamer and Darenberg because he was not present. (Mellinger Dep. 76:14-77:2). It is also noted that any citations in the Mellinger deposition on pages 71-74 and 80-81 were generally monosyllabic or very short agreement responses from the deponent to blatantly leading questions put forth by counsel for the defense on "cross". (Mellinger Dep. 71-74, 80-81).

3. The facts related by Defendant in paragraph numbered 9 are irrelevant to any issue in this case and therefore denied, noting that sentence of paragraph numbered 8 which alleges facts that the "key thing" Defendant was looking for in an applicant for the job for which Plaintiff applied was that the applicant be bilingual is denied for the reason, as included in Plaintiff's Statement of Undisputed Material Facts, no such requirement or suggestion of the need to be bilingual was included in Defendant's posting or advertisement for a person to fill the position for which Plaintiff applied. Furthermore, the Deponent had no knowledge whatsoever what was contained within the Aerotek job posting for the position for which Plaintiff applied. (Mellinger Dep. 77:7-9)

4. The facts related by Defendant in paragraphs numbered 10, 11, 12, and 13 are irrelevant to any issue in this case. It is acknowledged that Kramer's deposition

was taken and he made the purported statements, but denied that the statements are true or undisputed facts.

5. Plaintiff denies the facts related by Defendant in paragraphs 14, 15, and 16, since they reflect private thoughts claimed to be held by a witness that were never articulated to any other person let alone the Plaintiff. Plaintiff further asserts that the private thoughts of a deponent have no place in a Statement of "Undisputed" Facts.

6. The facts related by Defendant in paragraph numbered 17 are irrelevant to any issue and are denied. The subjective and self-serving statement that Kramer "claims" to have made is again based upon the deponent's private thoughts and improperly included as an undisputed fact.

7. The facts related by Defendant in paragraph numbered 18 are irrelevant to any issue in this case and therefore are denied. Further, fact 18 is incorrect and incomplete as Kramer actually testified to the contrary, at least in part. (Kramer Dep. 19:9-13).

8. The facts related by Defendant in paragraph numbered 19 are denied and further asserted should be stricken as they are unprovable other than my the self-serving statement of the two people with the most to lose in this case.

9. Plaintiff denies the "facts" in number 20. Mellinger has testified he was not present for the interview between Kramer and Darenberg and therefore can offer no relevant testimony related to the sole issue in this case, to wit: whether Kramer made the age discriminatory statements. (Mellinger Dep. 76:14-77:2).

10. Plaintiff does not dispute those facts contained in paragraph 21 that state that Defendant hired a person younger than Plaintiff who had no experience. Plaintiff disputes the fact the hiring which took place approximately 2 and one-half months after Defendant refused to hire Plaintiff is not in a time period in proximity to the time when Defendant refused to hire Plaintiff. Further the legal issue of temporal proximity is inappropriately included in a statement of "undisputed facts".

11. The facts related by Defendant in paragraphs numbered 22, 23, and 24 are irrelevant to any issue in this case and therefore are denied. It is implicit in a Statement of Undisputed Facts pursuant to Rule 56 that the alleged facts actually have some bearing on the issues of the case.

12. The facts related by Defendant in paragraph 25 are completely irrelevant to any issue in this case. Defendant does not allege that at the time Plaintiff applied for a job with Defendant that he did not have a valid Florida driver's license. This is another example of Defendant not complying with Rule 56(a).

13. The facts related by Defendant in paragraph numbered 26 are irrelevant to any issue in this case, and imply that counsel may be making himself a witness. Number 26 is not material and is denied.

14. Plaintiff admits the facts related by Defendant in paragraphs 27, 28, 29, 30, 31, 32, and 33.

15. Plaintiff denies fact number 34 and asserts that a careful reading of Plaintiff's deposition starting on page 92 contradicts the timing claimed in this supposed "fact. Further, Darenberg's testimony is consistent with Kramer's testimony

regarding the sequence of filling out paperwork first as part of the interview process. (Kramer Dep. 11:11-12:3).

16. The facts related by Defendant in paragraph numbered 35 are irrelevant to any issue in this case and therefore are denied.

17. The facts related by Defendant in paragraphs numbered 36, 37 and 38 are irrelevant to any issue in this case and therefore are denied.

<u>PLAINTIFF' STATEMENT OF UNDISPUTED MATERIAL FACTS</u>

The material issues of fact which are undisputed and which establish Plaintiff's prima facie case of discrimination pursuant to 29 U.S.C. §§ 621, et seq. ("The Age Discrimination in Employment Act), are admitted by Defendant in its Motion for Summary Judgment under the heading "Supporting Undisputed Facts" or are acknowledged therein. Those facts are:

18. Defendant had a job available and publicly advertised for the position.

19. Plaintiff, through a recruiting service, applied for the available position.

20. Plaintiff was interviewed for the available position and at the time of the interview he testifies as stated by Defendant in its "Supporting Undisputed Facts" that he was told by Defendant's interviewer that he was qualified for the position but that Defendant wanted to hire someone younger than Plaintiff. (Def. Stmt. #27).

21. Plaintiff testified at his deposition, 3:18 that he was born on February 4, 1957. As stated by Defendant numerous times in its "Supporting Undisputed Facts" the alleged wrongful acts occurred in 2010 making Plaintiff 53 years old at that time.

22. Defendant acknowledges in its "Supporting Undisputed Facts" that Plaintiff was never given any reason for Defendant's refusal to hire him for the available position except for the statement that Defendant wanted to hire a younger person.

23. Defendant had two other technicians at the time of Plaintiff's interview, both of whom were in their late 20's or early 30's. (Kramer Dep. 16:19-17:14).

24. The technician ultimately hired by Defendant in both a part-time and then full-time position was under in his mid 30's. (Kramer Dep. 17:15-18:11).

25. The only people present for the portion of Plaintiff's interview where the age discriminatory comments were made were Plaintiff and Kramer, and the interview took place in Kramer's office. (Kramer Dep. 12:2-14).

Dated: December 17, 2012

        Respectfully Submitted,

        **LAW OFFICES OF CHARLES EISS, P.L.**
        Attorneys for Plaintiff
        8211 W. Broward Blvd., Suite 360
        Plantation, Florida 33324
        (954) 812-9513 (Telephone)
        (954) 473-4907 (Facsimile)

    By:    /s/ Charles Eiss
            CHARLES EISS, Esq.

## CERTFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of December 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

/s/ Charles Eiss
CHARLES EISS, Esquire

<u>SERVICE LIST</u>

Charles Eiss, Esq.
Icelaw21@aol.com
Lindsay Timari, Esq.
Ltimari@yahoo.com
Law Offices of Charles Eiss, P.L.
8211 W. Broward Blvd., Suite 360
Plantation, FL 33324
Telephone: (954) 812-9513
Facsimile: (954) 473-4907
Attorneys for Plaintiff Robert Darenberg


Bruce D. Fischman, Esq.
Bruce@fhdlaw.com
The Fischman Law Firm, P.A.
9200 South Dadeland Blvd., Suite 116
Miami, FL 33156
Telephone: (305) 670-7669
Facsimile: (305) 670-7671
Attorneys for Defendant Headhunter, Inc.

***Method of Service***: Notice of Electronic Filing